

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 1:11-CR-111 |
| | § | |
| MARK ANTHONY BRANSON | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Mark Anthony Branson, violated conditions of supervised release imposed by United States District Judge Thad Heartfield of the Eastern District of Texas. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #228) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on February 20, 2019, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

1

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that her plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On June 12, 2012, The Honorable Thad Heartfield sentenced the defendant after he pled guilty to the offense of Receipt and Possession of a Stolen Firearm, a Class C felony. Judge Heartfield sentenced Mr. Branson to 78 months imprisonment followed by 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, no new credit, no gambling, drug aftercare, mental health care, defendant shall not draft any checks on a checking account without first obtaining the account holders' permission, $7655.76 in restitution, and a $100 special assessment.

On June 12, 2018, the Court revoked Mr. Branson's first term of supervised release and sentenced him to 8 months imprisonment followed by an additional 2 years of supervised release. On November 9, 2018, Mark Anthony Branson was released from imprisonment to begin serving

his new term of supervised release.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated the following standard condition of release:

*You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements. . .you must notify the probation officer at least 20 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.*

Specifically, the petition alleges that on or about December 17, 2018, Mr. Branson left a message with the U.S. Probation Office advising he has moved out of his proposed residence. He did not leave any contact information to return his call. On January 3, 2019, a home visit was attempted at his last known address. The owner of the residence, who is an acquaintance of Mr. Branson, advised he kicked him out of the house 2 weeks prior and he is not welcome back.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. Specifically, if the matter proceeded to a final contested hearing, the Government would present evidence showing that as a condition of his supervision, Mr. Branson was required to notify his probation officer of any change in residence and obtain approval of his new residence. The Government would submit evidence showing that Mr. Branson left a message with his probation officer advising that he had moved out of his proposed evidence but he did not leave any contact information. Testimony would further establish that a probation officer conducted a home visit on Branson's last residence on January 3, 2019, at which time the

owner advised that Branson had been kicked out of the residence two (2) weeks prior.

Defendant, Mark Anthony Branson, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he failed to notify his probation officer of changes in his residence or obtain approval of his new residence in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by failing to properly notify his probation officer of changes in his residence. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 8 to 14 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation

of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id.* *See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant committed a Grade C violation of his supervision conditions by failing to properly report changes in residence. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Mark Anthony Branson, to serve a term of **fourteen (14) months imprisonment**, with no further term of supervision. The revocation judgment should include the unpaid amount of $7655.76 in restitution owed by Mr. Branson as part of his original conviction. The Court also recommends placement in the Federal Correctional Institution in Otisville, New York, pursuant to the defendant's request.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 21st day of February, 2019.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE